## MITCHELL v QUALITY HOMES, INC.

Common Pleas Court, Hamilton Co.

No. A-59656. Decided Nov. 12, 1940.

Dolle, O'Donnell & Cash and George, E. Fee, Cincinnati, for Frederick A. Schmidt, Inc.

Merland, O'Meara, Santen & Willging, Cincinnati, for Green Street No. 2 L. & B. Co.

## OPINION

By MACK, J.

This cause has been submitted upon pleadings, evidence, stipulations, arguments of counsel and briefs. It involves the question as to whether the mortgage to The Frederick A. Schmidt Company (duly assigned to Frederick A. Schmidt, Inc.) for $5,000, dated November 28, 1933, and recorded December 2, 1933, in Mortgage Book 1615, page 824, records of Hamilton county, is or is not a lien upon real estate prior to a judgment of Green Street No. 2 L. & B. Co. for $1,266.62, rendered August 17, 1937, and if a prior lien, to what extent and for what amount has said mortgage priority.

Facts essential to a determination of such question are:

In 1933, and for some time prior thereto, The Frederick A. Schmidt Company had the management of the property of Quality Homes, Inc., and was in charge of the collection of rents of its property, making repairs, etc. The financial affairs of The Frederick A. Schmidt Company required that it protect itself against advancements then made, or which it contemplated making, for the account of Quality Homes, Inc. Both companies had some of the same officers and directors, although the stockholders of both companies were not the same. Quality Homes, Inc., was not a subsidiary of The Frederick A. Schmidt Company. The Frederick A. Schmidt Company

520

board authorized the extending of further credit for the payment of taxes for Quality Homes, Inc., only upon the security of a mortgage to cover existing and future indebtedness. On November 28, 1933, the mortgage in question was given, there being then due a balance to The Frederick A. Schmidt Company of $2,963.26. The mortgage secured a note for $5,000, dated November 28, 1933, with interest at 6%, payable on or before three months after date. The mortgage was duly assigned to Frederick A. Schmidt, Inc. on June 25, 1939, for valuable consideration. On February 28, 1934, the day said three months note would have expired, there was due from Quality Homes, Inc., to The Frederick A. Schmidt Company a balance of $1,764.89. In March, April and May, 1934, there was collected by The Frederick A. Schmidt Company a total of $1,936.17, which was applied on interest on other mortgage loans of Quality Homes, Inc. and for taxes and repairs. There was no direction by Quality Homes, Inc. as to how such collections should be applied. When the account was finally closed out there was due from Quality Homes, Inc. a balance of $2,299.69.

While originally The Frederick A. Schmidt Company intended the mortgage to secure existing indebtedness and advances in the future for taxes, yet it is undisputed that on November 27, 1933, Quality Homes, Inc. took the following action with reference to the mortgage in question, viz: It recited its indebtedness to The Frederick A. Schmidt Company at said date in the sum of $2,403.26, and that "whereas it is possible that future advances will be made," therefore it was resolved that the company execute a note for $5,000 due on or before three months after date, with interest at 6% per annum "to secure said indebtedness and any future payments made by The Frederick A. Schmidt Company for this company," said note to be secured by mortgage on the company's premises described in such resolution.

It is argued by counsel for the Green Street No. 2 Loan & Building Company that the collections made in March,

April and May, 1934, extinguished the note and mortgage, or that at best the note and mortgage is a lien prior to the judgment of the loan and building company only for the amount of the indebtedness at the maturity of the three months note, viz., $1,764.89.

In Ohio the following principles of law applicable to the question before the court have been established, viz:

"1. By the overwhelming weight of authority it is established that no change in the form of indebtedness, or in the mode or time of payment, will operate as payment or discharge of a mortgage; that a mortgage secures the debt, and not the note or bond or other evidence of the debt; and that nothing short of actual payment of the debt, or an express release, will operate to discharge the mortgage." Rigel v Belt, 119 Oh St 370, at 378 and 379, per Marshall, CJ.

2. A mortgage given to secure future advances is valid as against a pre-existing creditor who subsequently obtains a judgment which is a lien upon the mortgaged premises. Kramer v Farmers & Mechanics Bank, 15 Ohio 253.

3. A mortgage for a definite amount given to secure future advances is valid, and such mortgage need not expressly state it is intended to secure future advances. Hurd v Robinson, 11 Oh St 238; 27 O. Jur. p 409, §174. See also Jones on Mortgages, 8th Ed. Vol. 1, p. 595, §458, and p. 598, §460.

4. In the absence of the debtor directing the application of payments a creditor may make application of payments within a reasonable time as he sees fit. Gaston v Barney, 11 Oh St 506.

Applying the principles of law thus announced in this state and binding upon this court, we are of opinion that the mortgage owned and held by Frederick A. Schmidt, Inc., is a valid lien prior to the judgment of Green Street No. 2 Loan & Building Company for said balance of $2,299.69 and interest. A decree in accordance therewith will be entered.